OPINION
 

 WANDA McKEE FOWLER, Justice.
 

 A jury convicted appellant of sexual assault of a child; he received a twenty-year sentence in the Texas Department of Criminal Justice, Institutional Division, and was assessed a $10,000.00 fine. On appeal, appellant first contends that the trial court erred by denying defense counsel’s motion to withdraw because of a personal conflict and, second, that he received ineffective assistance of counsel when his attorney continued to represent him in the punishment phase of the trial. Because appellant has not shown his attorney had an actual conflict of interest and has not shown that anything she did prejudiced him, we affirm.
 

 I. Factual and Procedural Background
 

 Appellant is the complainant’s uncle. When the complainant’s mother asked her to move out of the home, the 16-year old went to live with appellant. About six weeks after the complainant moved into appellant’s home, he raped her. The complainant told her family what had happened and, with her aunt’s assistance, helped the State press charges against appellant. Appellant pleaded not guilty and the case proceeded to a jury trial.
 

 A. Appellant’s Counsel’s Motion to Withdraw
 

 On the first day of trial, February 5, 2004, the prosecuting attorney informed the court of a newly-discovered witness who was expected to testify in the punishment phase of appellant’s trial. When the prosecuting attorney announced the new witness’s name, appellant’s counsel objected to the admission of any extraneous offense evidence and pointed out that a Motion in Limine had been filed prior to the case. Appellant’s counsel made no further objections to calling the witness.
 

 The following day, February 6, 2004, appellant’s counsel made an oral motion to withdraw as appellant’s counsel. Appellant’s counsel stated that the new punishment witness’s testimony would “deeply affect me further representing [appellant] in this case ... [and] I would like to recuse myself.” In support thereof, appellant’s counsel stated that, if she remained the attorney of record for appellant, she
 
 *788
 
 would be required to cross-examine the witness. Appellant’s counsel informed the court that the witness was “a personal friend” and that she was certain that it would “affect [the] relationship.” For those reasons, appellant’s counsel told the court she could not continue to represent the appellant. The trial judge denied the request to withdraw.
 

 B. Punishment Phase Testimony
 

 After the jury found appellant guilty, the punishment phase of his trial began. The State called the newly-found witness as its only punishment witness. The witness testified that appellant was her uncle and that he had also raped her, over twenty years ago, when she was fifteen years old. Like the complainant; with the assistance of her family, the witness spoke with police and helped the District Attorney’s office file charges against appellant. The case was reduced to a misdemeanor (assault) and appellant received probation. The State introduced the judgment for this offense during the punishment phase of appellant’s trial.
 

 During the witness’s direct examination, appellant’s counsel objected twice. Following the witness’s testimony on direct examination, and despite her previously stated objection, appellant’s counsel cross-examined the witness. Appellant’s counsel’s cross-examination focused on the fact that, despite the witness’s allegations, “it was never proven that [appellant] actually molested [her].” Appellant’s counsel stressed that the judgment the State introduced was for assault and not for sexual assault or rape. Finally, appellant’s counsel suggested the possibility that Ms. Sanders had lied about appellant raping her because she was “pregnant and [ ] had to blame it on someone.”
 

 Appellant then testified on his own behalf. Appellant’s counsel verified appellant had heard the witness’s testimony and then asked if appellant had sexual intercourse with her. Appellant responded that he had consensual intercourse with her during the course of a relationship that lasted for seven to eight months. Appellant went on to state, in response to his counsel’s questioning, that he was never convicted for rape because, he believed, the witness was already pregnant by another man at the time of the alleged rape. No other defenses witnesses were called during the punishment phase.
 

 The State recalled the witness, and appellant’s counsel again objected during her direct examination and cross-examined her. At the conclusion of the punishment phase, the jury gave appellant a twenty-year sentence and assessed a substantial fine.
 

 II. The Trial Court Properly Overruled The Motion to Withdraw
 

 We review a trial court’s decision to overrule an attorney’s motion to withdraw for an abuse of discretion.
 
 See Green v. State,
 
 840 S.W.2d 394, 407-08 (Tex.Crim.App.1992) (en banc),
 
 overruled on other grounds by Trevino v. State,
 
 991 S.W.2d 849, 853 (Tex.Crim.App.1999) (analyzing whether trial court erred by refusing trial counsel’s motion to withdraw under an abuse of discretion standard). We will uphold the ruling if it is within the zone of reasonable disagreement or if the trial court acted in accordance with applicable guiding legal principles.
 
 Weatherred v. State,
 
 15 S.W.3d 540, 542 (Tex.Crim.App.2000). We make this determination based upon what was before the trial court when it made its decision.
 
 Montgomery v. State,
 
 810 S.W.2d 372, 380, 391 (Tex.Crim.App.1990).
 

 In her motion to withdraw, appellant’s counsel asserted that she was such a close friend of the state’s punishment witness that she did not feel able to continue adequately representing appellant. How
 
 *789
 
 ever, counsel clarified this allegation when the punishment phase of the trial was about to begin; counsel stated the witness was a “personal friend” but “not a close friend.” And, although appellant’s counsel was concerned that cross-examining the witness would affect
 
 their
 
 relationship, she did not articulate how that would bear upon her ability to continue to advocate zealously on appellant’s behalf. In light of these facts, we cannot say the trial judge abused his discretion in denying counsel’s motion to withdraw and we overrule appellant’s first point of error.
 

 III. Appellant Did Not Receive Ineffective Assistance of Counsel
 

 In his second point of error, appellant contends his counsel’s irreconcilable personal conflict denied him the effective assistance of counsel that the Sixth Amendment guarantees to an accused in a criminal trial. We evaluate appellant’s contention — that his counsel’s personal conflict deprived him of effective assistance of counsel — under the familiar standards of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 See Hernandez v. State,
 
 988 S.W.2d 770, 770 (Tex.Crim.App.1999) (en banc) (holding
 
 Strickland
 
 standard applies to ineffective assistance claims alleging a deficiency in attorney performance at noncapital sentencing proceedings);
 
 see also Banda v. State,
 
 890 S.W.2d 42, 59 (Tex.Crim.App.1994) (en banc) (applying
 
 Strickland
 
 standard to appellant’s claim that his trial counsel was ineffective because of counsel’s conflict of interest);
 
 Thompson v. State,
 
 94 S.W.3d 11, 19 (Tex.App.-Houston [14th Dist.] 2002, pet. refd) (same).
 

 We engage in a highly deferential review of defense counsel’s representation at trial.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052;
 
 Tong v. State,
 
 25 S.W.3d 707, 712 (Tex.Crim.App.2000) (en banc).
 
 Strickland
 
 requires an appellant alleging ineffective assistance of counsel to satisfy a two-pronged test. First, an appellant must show that counsel’s representation or advice fell below objective standards of reasonableness. Second, an appellant must show the proceeding’s result would have been different but for trial counsel’s deficient performance.
 
 Strickland,
 
 466 U.S. at 688-92, 104 S.Ct. 2052;
 
 Thompson,
 
 94 S.W.3d at 15 (Tex.App.-Houston [14th Dist.] 2002, pet ref'd). When an attorney’s representation is alleged to be deficient because of the attorney’s conflict of interest, an appellant satisfies
 
 Strickland’s
 
 first prong by showing that (1) “his counsel was burdened by an actual conflict of interest” and (2) “the conflict had an adverse effect on specific instances of counsel’s performance.”
 
 Cuyler v. Sullivan,
 
 446 U.S. 335, 348-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980);
 
 Monreal v. State,
 
 947 S.W.2d 559, 564 (Tex.Crim.App.1997) (en banc).
 

 A. Appellant Cannot Satisfy
 
 Strickland’s
 
 First Prong
 

 Appellant relies upon his counsel’s statements in her motion to withdraw to establish his counsel was burdened by an actual conflict of interest. And, to establish the adverse effect this conflict had on counsel’s performance, appellant points to the brevity of his counsel’s cross-examination of the witness. We reject these contentions for the reasons that follow.
 

 1. Actual conflict of interest
 

 First, an “actual conflict of interest” exists only if “counsel is required to make a choice between - advancing his chent’s interest in a fair trial or advancing other interests to the detriment of his client’s interest.”
 
 Monreal,
 
 947 S.W.2d at 564. It is not sufficient for appellant to show a
 
 possible
 
 conflict of interest.
 
 Pollan v. State,
 
 612 S.W.2d 594, 596 (Tex.Crim.App.1981). While appellant’s counsel indicated she felt her personal relationship
 
 *790
 
 with the State’s witness would be affected, she never indicated whether, or how, her ability to advance appellant’s interests would be affected. Highlighting the possibility that counsel was operating under a conflict of interest is insufficient to prove an actual conflict of interest.
 
 See Thompson,
 
 94 S.W.3d at 21 (declining to find counsel was ineffective because “[a]t best, the record raises a concern of a
 
 possible
 
 conflict of interest but not an
 
 actual
 
 conflict of interest”). Appellant fails to demonstrate his counsel was forced to choose between advancing his interest in a fair trial and advancing other interests to his detriment.
 

 2. Adverse effect on performance
 

 Second, even if appellant had demonstrated an actual conflict of interest, we cannot conclude, on this record, that the alleged conflict had an adverse effect on the cross-examination of the witness. “In order to determine whether appellant’s attorney refrained from cross-examination in certain areas and whether her supposed inability to cross-examine more thoroughly could be considered detrimental to appellant, we must be able to discern from the record the nature of the information that could have been developed by counsel.”
 
 Id.
 
 The record reveals that appellant’s counsel objected repeatedly during direct and redirect examinations and twice cross-examined the witness. The cross-examinations tested the witness’s credibility and offered other explanations to the jury. On this record, we cannot say her performance was deficient; nor does appellant identify “useful information” that could have been uncovered or utilized “through more effective cross-examination.”
 
 Id.
 
 Appellant fails to show “how or whether counsel was impaired in her representation of appellant.”
 
 See id.
 
 at 22. We overrule appellant’s second point of error because he has not satisfied
 
 Strickland’s
 
 first prong.
 

 Because the trial court acted within its discretion in overruling the motion to withdraw and because appellant has failed to show he received ineffective assistance of counsel, we affirm his conviction.