NUMBER
13-05-226-CR

                                 COURT
OF APPEALS

                     THIRTEENTH
DISTRICT OF TEXAS

                         CORPUS CHRISTI B EDINBURG

 

 

ATABRINE JAMES SIMMONS,                                                        Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                    Appellee.

 

                              On appeal from the
24th District Court

                                        of
Victoria County, Texas.

 

 

                               MEMORANDUM
OPINION

 

    
Before Chief Justice Valdez and Justices Rodriguez and
Castillo



 

Memorandum Opinion by Chief Justice
Valdez

 








Appellant,
Atabrine James Simmons, appeals from an order of the trial court denying his
post-conviction motion for DNA testing. 
He specifically argues (1) his due process rights were violated when the
trial court failed to require that the State explain how it had made a diligent
search for biological evidence, (2) the trial court erred by denying his motion
for DNA testing because the results of such a test would have created a
reasonable probability of his innocence, and (3) the trial court abused its
discretion by denying defense counsel=s motion to withdraw.  We affirm.

Background

In 1989, Simmons
pled guilty to a charge of aggravated sexual assault of a child. See Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2005).  He was placed on deferred adjudication
probation until the trial court entered an order adjudicating guilt in
1993.  In 2004, following his release from
prison, Simmons filed a motion for DNA testing of any biological evidence
pursuant to article 64 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005).  

The trial court
held a hearing on his motion.  At the
beginning of the hearing, Simmons= counsel, William A. White, filed a motion to
withdraw from representation citing disciplinary rule 3.01.[1]  The court took the motion to withdraw under
advisement and instructed White to continue as counsel for purposes of the
hearing on the motion.  After hearing
testimony and reviewing various affidavits, the trial court ruled that the
requirements of article 64.03 had not been met, and Simmons= motion to compel DNA testing was denied.  See Tex.
Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2005). 

Diligent
Search








By his first
issue, Simmons argues that his due process rights were violated when the court
did not require the State to explain its lack of inquiry into appropriate
agencies that may have had evidence, or to otherwise show it had made a
diligent search for biological evidence.

Article 64.01 allows
a convicted person to submit a motion for forensic DNA testing of evidence
containing biological material.  Id. at
art. 64.01.  On receipt of the
motion, the court shall require the State to deliver the evidence to the court
or explain in writing to the court why it cannot deliver the evidence.  See id. at art. 64.02; In re Texas,
116 S.W.3d 376, 382 (Tex. App.BEl Paso 2003, no pet.) (orig. proceeding).

To order DNA
testing under chapter 64 of the Texas Code of Criminal Procedure, the court
must find the following: (1) the evidence still exists, is in a condition
making DNA testing possible, and has been subjected to a chain of custody
sufficient to establish that it has not been substituted, tampered with, replaced,
or altered in any material respect; and (2) identity was or is an issue in the
case.  Tex. Code Crim. Proc. Ann. art.
64.03(a)(1).  Additionally,  the convicted person must establish by a
preponderance of the evidence that (1) the person would not have been convicted
if exculpatory results had been obtained through DNA testing, and (2) the
request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice.  Id. at art. 64.03(a)(2).

The appellate court
reviews the trial court's decision on a motion to compel DNA testing using a
bifurcated standard of review.  See
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We afford almost total deference to a trial
court's determination of issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  See Rivera, 89 S.W.3d at 59.








Simmons testified
that, after his arrest in 1989, he and the two alleged victims had undergone
medical examinations at Citizens Hospital. 
In his affidavit he stated,  AI believe the DNA samples [were] taken [and] were
also in my favor.@  He testified
similarly at the hearing on his motion to compel, stating, Athe medical examinations . . . have been hidden from
me since 1989, and I believe do still exist. 
I went to Citizens Hospital . . . and they told me that after 10 years
they destroy all their records, but the original should be in the sheriff=s department.@  Simmons also
complains that the State failed to indicate that it had conducted a Adiligent search@ for any testable biological evidence as required,
and that it had failed to contact Child Protective Services in making its
search.  








The State
presented evidence that (1) there was no evidence taken during the Simmons
investigation that could be tested for DNA, and (2) the various agencies
involved had all conducted searches for any evidence in their possession.  The State included a complete list of all
materials seized upon Simmons= arrest, which included suitcases and duffel bags
containing over 400 pornographic magazines, books, photographs and films, but
did not include testable items such as clothing or bedding, nor any rape kits
or results from medical examinations. 
The State also noted that all evidence in the case held by the sheriff=s office had already been destroyed in accordance
with the office guidelines.  A deputy
sheriff testified that she had conducted an Ahonest
and diligent good faith search@ but could not locate any evidence that would
potentially provide DNA samples for testing. 
Affidavits were also submitted by (1) the police department, which
stated that no physical items were in storage relating to the case; (2) the
district clerk=s office, which stated that the only items located
consisted of legal documents and paperwork, but no DNA test results or DNA
evidence; and (3) the district attorney=s office, which stated that there were no items from
the case in its possession that could be potentially subjected to DNA
analysis.  

We conclude that
the State, contrary to Simmons= assertion, did demonstrate that it had conducted a
diligent search involving all relevant agencies for DNA evidence.  The affidavits and testimony establish that
the results of any medical examinations that may have been conducted on Simmons
and the alleged victims were either not sent to the sheriff=s office or have since been destroyed.  Simmons has failed to demonstrate that the
State did not conduct a diligent search for evidence and, furthermore, has
failed to demonstrate that such evidence still exists.  See Watson v. State, 96 S.W.3d 497,
499 (Tex. App.BAmarillo 2002, pet. ref=d); see also In re Texas, 116 S.W.3d at
384.  Accordingly, we overrule Simmons= first issue. 

Probability of
Innocence

By his second
issue, Simmons argues that the trial court erred by denying his request for DNA
testing despite the fact that exculpatory DNA test results would create a
reasonable probability he is innocent.

Simmons relies on
article 64.03(a)(2) in making this argument. 
However, as he concedes in his brief, Aa
trial court may order forensic DNA testing only if the court finds that . . .
evidence still exists and is in a condition making testing possible.@   See Tex. Code Crim. Proc. Ann. art.
64.03(a)(1).  As we have concluded that
the State has demonstrated that there was no proof of any remaining testable
evidence in this case, we overrule Simmons= second issue. 


 

 








Motion to
Withdraw

By his third
issue, Simmons argues that the trial court abused its discretion by not
granting defense counsel=s motion to withdraw.  We review a trial court's ruling on a motion
to withdraw for an abuse of discretion.  Brewer
v. State, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983); Williams v. State,
154 S.W.3d 800, 802-03 (Tex. App.BHouston [14th Dist.] 2004, pet. ref=d).

Simmons= counsel at the DNA-motion hearing, White, filed his
motion to withdraw  based on his
determination that there were no nonfrivolous grounds to be asserted by his
client.  The court deferred its ruling
until the end of the proceedings and then denied Simmons= motion without further order or comment.  Neither Simmons nor White objected at any
point to the trial court=s refusal to rule on the motion to withdraw, and no
complaint was raised in the notice of appeal. 
Thus, we conclude the error, if any, in the court=s decision not to grant White=s motion to withdraw was not preserved for the
purposes of appeal.  See Tex. R. App. P. 33.1.








Furthermore, even
if error had been properly preserved, there is nothing in the record to
indicate that the trial court abused its discretion in refusing to grant White=s motion. 
Simmons had a statutory right to counsel during the proceeding.  See Tex.
Code Crim. Proc. Ann. art. 64.01(c); Winters v. Presiding Judge of
the Crim. Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003).  The question of whether he
enjoyed a constitutional right to effective counsel, however, remains
unanswered.  See Winters, 118
S.W.3d at 774; Hughes v. State, 135 S.W.3d 926, 927-28 (Tex. App.BDallas 2004, pet. dism=d).  When discussing his motion to withdraw at the
beginning of the hearing, White informed the court that A[w]hat I would propose to do would be to present the
testimony here today as well as the affidavits, and then ask the court to grant
that motion.@  Thus, White
was prepared to fulfill his statutory obligations as Simmons= counsel during the proceeding and, in fact, did
fulfill those obligations by appearing, questioning witnesses, and submitting
evidence to the court.   We disagree with
Simmons= assertion that White did not advocate on behalf of
his client but instead simply created a record to support his motion to
withdraw; the transcript of the trial as well as the motion to compel and the
affidavits produced by White demonstrate that he fully performed in his role as
an advocate for Simmons.  

Accordingly, we
overrule Simmons= third issue on appeal.  

Conclusion

The judgment of the trial court
is affirmed.

 

 

 

                                           

ROGELIO VALDEZ,

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion
delivered and 

filed this 13th day of
April, 2006.











[1] Rule 3.01 states A[a] lawyer shall not bring or defend
a proceeding, or assert or controvert an issue therein, unless the lawyer
reasonably believes that there is a basis for doing so that is not frivolous.@ 
Tex. Disciplinary R. Prof=l Conduct 3.01, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G, appendix
(Vernon 1998) (State Bar Rules art.
X ' 9).