NO. 07-05-0310-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B


 

FEBRUARY 9, 2007


______________________________



SAMUEL BRAXTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 04-08-5781; HONORABLE HAROLD PHELAN, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Samuel Braxton presents four issues challenging his conviction for burglary of a
building. His first two issues challenge denial of his trial counsel's motion to withdraw. His
remaining issues challenge the sufficiency of the evidence. Finding no merit in any of
those issues, we affirm.

 Shortly after his arrest, appellant wrote to the trial court judge requesting
appointment of a specific attorney to represent him. The judge appointed a different
attorney, Patrick S. Metze. Appellant wrote back objecting to the appointment of Metze,
reiterating his request for appointment of another named attorney. The record contains
seven additional requests or pro se motions appellant attempted to file before trial on
various matters. 

 At a pretrial hearing defense counsel informed the trial court of appellant's desire
to represent himself. When questioned by the trial judge whether he wanted to represent
himself or continue to be represented by Metze, appellant replied "I will try to get somebody
else." The judge advised that "Mr. Metze is going to stay on your case until you get
someone else." Appellant did not secure the services of another attorney. On the day set
for trial, some six months later, defense counsel filed a motion to withdraw and motion for
continuance to afford time for appointment of new counsel. The motion to withdraw stated
counsel had received notice from the State Bar the day before that appellant had filed a
grievance against him. The grievance had already been dismissed. The trial court denied
both motions. 

 We review a trial court's decision to overrule an attorney's motion to withdraw for 
abuse of discretion. Williams v. State, 154 S.W.3d 800, 802 (Tex.App.--Houston [14th
Dist.] 2004, pet. ref'd). In support of his first issue appellant relies exclusively on the Texas
Disciplinary Rules of Professional Conduct and comments to those rules. Tex. Disciplinary
R. Prof'l Conduct 1.01(b), .03(b), .06(b)(2) and .015, reprinted in Tex. Gov't Code Ann., tit.
2 subtit. G app. A (Vernon 2005). He presents no authority that the rules establish
standards by which motions to withdraw are to be determined. Indeed, paragraph 15 of
the preamble to the rules specifies that they are not designed to be the standards for
procedural decisions. The rules govern disciplinary proceedings and are applicable to
other types of proceedings only to the extent they manifest public policy. Primrose
Operating Co., Inc. v. Jones, 102 S.W.3d 188, 193 (Tex.App.--Amarillo 2003, pet. denied). 

 Appellant argues the grievance he filed against trial counsel prevented counsel from
effectively representing him and created a conflict of interest which deprived him of the
effective assistance of counsel. He cites no examples of how counsel's conduct would
have been different had no grievance been filed. He contends poor communication with
counsel prevented counsel from providing effective representation but offers no examples
of information which counsel needed to present an effective defense but did not possess. 
Moreover, any deficiency in communication was within appellant's control. The
constitutional right to effective assistance of counsel does not extend to permitting a
defendant to manipulate the trial process simply by refusing to communicate with
appointed counsel. See Dunn v. State, 819 S.W.2d 510, 520-21 (Tex.Crim.App. 1991)
(also noting that a criminal defendant is not entitled to appointed counsel of his choice); 
Culverhouse v. State, 755 S.W.2d 856, 861 (Tex.Crim.App. 1988) (defendant may not use
his right to counsel to manipulate the court or to delay his trial); Hubbard v. State, 739
S.W.2d 341, 344 (Tex.Crim.App. 1987); Wallace v. State, 618 S.W.2d 67, 70 (Tex.Crim.
App. 1981) (stating rule that right to counsel may not be manipulated so as to obstruct the
judicial process); Carroll v. State, 176 S.W.3d 249, 256 (Tex.App.--Houston [1st Dist.]
2004, pet. ref'd) (finding no abuse of discretion in denial of motion for appointment of
substitute counsel).

 As evidence of a conflict of interest, appellant agues that, because of the grievance
he filed against his trial counsel, "a strong chance exists that counsel's interests will fall
adversely to those of his client." He points to no circumstance, however, in which trial
counsel was required to make a choice between advancing appellant's interests and
protecting counsel's own interests. (1) Such a required choice is the test for determining
whether there is a conflict which may render counsel's assistance ineffective. Ex parte
Morrow, 952 S.W.2d 530, 538 (Tex.Crim.App. 1997). Appellant's speculation as to an
unidentified potential conflict is insufficient to show error in the trial court's ruling. See
Dunn, 819 S.W.2d at 520 (noting appellant there did not claim that asserted conflict
"actually affected the adequacy of his representation" by appointed counsel). Moreover,
the trial court could have found the timing of the grievance, made on the eve of trial, was
evidence of an intent to manipulate the trial process. We hold the trial court did not abuse
its discretion in denying trial counsel's motion to withdraw and overrule appellant's first
issue. 

 Our disposition of appellant's first issue is also dispositive of his second issue
assigning error to the denial of his motion for continuance. Because the trial court did not
err in denying trial counsel's motion to withdraw, it did not err in overruling appellant's
motion for continuance. We overrule appellant's second issue.

 Appellant's third and fourth issues challenge the legal and factual sufficiency of the
evidence supporting his conviction. The briefs correctly state the standards by which we
must review challenges to the legal sufficiency of the evidence and recitation of those
standards here is unnecessary. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979). After the parties filed their briefs in this case the Court of Criminal
Appeals provided further guidance to appellate courts in reviewing factual sufficiency
challenges. See Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006). Before
reversing based on factual insufficiency an appellate court must first be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury's verdict. Id. at 417. 

 The evidence showed that on the afternoon of appellant's arrest the Levelland
Police Department received a phone call reporting a man was attempting to break into a
business called Ted's Café. The caller remained on the phone until police officers arrived
and was unable to see the actor while at the telephone. When Sergeant Armando Lopez
arrived he found appellant attempting to get on a bicycle outside the café but having
difficulty. Lopez took appellant into custody and noticed he had cuts on his hands which
were bleeding. Lopez found the café closed and the doors locked, but noted there was a
broken window. Detective Tommy Williams and another detective named McDonald
arrived shortly thereafter. They found the broken window and that the drive-through
window was open. Another witness named Paul Burgio approached one of the detectives
and reported hearing a thump as he was walking by the café. He looked to see appellant
lying on the ground outside the drive-through window. The business owner, Ted Wheeler,
also arrived and let the detectives into the building. According to Wheeler it was the
business's practice to remove currency from the cash register each day and leave any
change. The detectives and Wheeler found the cash drawer was pulled out of the register
and it contained no bills or change. The detectives found blood on the counter inside the
drive-through window and collected a sample for testing. They then went to the jail where
they learned appellant was carrying approximately $8.00 in change when he was booked
into the jail. Investigators later obtained a blood sample from appellant for comparison to
the blood recovered from the restaurant. 

 At trial the State presented the testimony of the original caller, Rachel Archuleta,
Burgilo, Sergeant Lopez, and Detective Williams, each of whom testified to the events we
have described. The State also called Angela Rodriguez from the Department of Public
Safety crime laboratory in Lubbock, who performed DNA analysis of the blood recovered
from the scene and that obtained from appellant. She testified appellant was the source
of the blood found at the scene "to a reasonable degree of scientific certainty." 

 Appellant's sufficiency challenge rests on the absence of testimony that any witness
saw him in the building. The State is not limited to proof of each element of an offense by
direct evidence. Circumstantial evidence is reviewed under the same standards as direct
evidence. Geesa v. State, 820 S.W.2d 154, 160 (Tex.Crim.App.1991). He contends the
presence of his blood inside the building does not prove beyond a reasonable doubt he
was in the building, suggesting the blood, found near the open window, could have
"somehow been transferred" there during his arrest outside that window. This argument
seeks to impose on the State the duty to exclude every conceivable hypothesis other than
appellant's guilt. Even if appellant's theory could be viewed as a reasonable hypotheses
inconsistent with his guilt, the Court of Criminal Appeals abandoned that standard for
reviewing sufficiency in circumstantial evidence cases in its opinion in Geesa. 820 S.W.2d
at 161. Viewing the evidence in the light most favorable to the jury's verdict, we find a
reasonable fact finder could rationally have found the elements of the offense beyond a
reasonable doubt. We overrule appellant's third issue. 

 Similarly, appellant's factual sufficiency challenge does not rely on evidence contrary
to the jury's verdict, but on perceived inconsistencies or deficiencies in the State's
evidence. Appellant points to discrepancies in testimony concerning the amount of money
recovered from appellant at the jail and the type of clothing he was wearing. He also
attributes significance to the inability of the original caller to identify him as the same
person she had seen across the street. Viewing the record as a whole and in a neutral
light, we cannot say the jury's verdict was against the great weight and preponderance of
the evidence, and so overrule appellant's fourth issue.

 Having overruled appellant's issues, we affirm the judgment of the trial court.


 James T. Campbell

 Justice





Do not publish.
1. Nor, having reviewed the entire record, do we find it to reflect such a circumstance.



its decision. The statement consisted of the Court of Criminal Appeals saying "the applicant must show
that the cumulation order was not sufficiently specific and he was harmed by this lack of specificity," and it
must be shown that the Texas Department of Criminal Justice "is not properly cumulating his sentences in
order for a cumulation order to be found void." Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App.
1998). Yet, the San Migel court took caution to note that the matter before it came by way of habeas corpus,
not direct appeal. This is of import since one seeking to affect a conviction via habeas must show harm. Ex
parte Millard, 48 S.W.3d 190, 192 (Tex. Crim. App. 2001). The same is not true on a direct appeal, however. 
In the latter circumstance, according to the Court of Criminal Appeals, it is not the obligation of the appellant
to illustrate harm. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). And, we have no authority to
ignore that rule or create exceptions to it without prior directive from our Court of Criminal Appeals.