NO. 07-05-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 9, 2007

_____

SAMUEL BRAXTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-08-5781; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Samuel Braxton presents four issues challenging his conviction for burglary of a building. His first two issues challenge denial of his trial counsel's motion to withdraw. His remaining issues challenge the sufficiency of the evidence. Finding no merit in any of those issues, we affirm.

Shortly after his arrest, appellant wrote to the trial court judge requesting appointment of a specific attorney to represent him. The judge appointed a different attorney, Patrick S. Metze. Appellant wrote back objecting to the appointment of Metze,

reiterating his request for appointment of another named attorney. The record contains seven additional requests or pro se motions appellant attempted to file before trial on various matters.

At a pretrial hearing defense counsel informed the trial court of appellant's desire to represent himself. When questioned by the trial judge whether he wanted to represent himself or continue to be represented by Metze, appellant replied "I will try to get somebody else." The judge advised that "Mr. Metze is going to stay on your case until you get someone else." Appellant did not secure the services of another attorney. On the day set for trial, some six months later, defense counsel filed a motion to withdraw and motion for continuance to afford time for appointment of new counsel. The motion to withdraw stated counsel had received notice from the State Bar the day before that appellant had filed a grievance against him. The grievance had already been dismissed. The trial court denied both motions.

We review a trial court's decision to overrule an attorney's motion to withdraw for abuse of discretion. *Williams v. State*, 154 S.W.3d 800, 802 (Tex.App.--Houston [14th Dist.] 2004, pet. ref'd). In support of his first issue appellant relies exclusively on the Texas Disciplinary Rules of Professional Conduct and comments to those rules. Tex. Disciplinary R. Prof'l Conduct 1.01(b), .03(b), .06(b)(2) and .015, *reprinted in* Tex. Gov't Code Ann., tit. 2 subtit. G app. A (Vernon 2005). He presents no authority that the rules establish standards by which motions to withdraw are to be determined. Indeed, paragraph 15 of the preamble to the rules specifies that they are not designed to be the standards for procedural decisions. The rules govern disciplinary proceedings and are applicable to

2

other types of proceedings only to the extent they manifest public policy. *Primrose Operating Co., Inc. v. Jones*, 102 S.W.3d 188, 193 (Tex.App.--Amarillo 2003, pet. denied).

Appellant argues the grievance he filed against trial counsel prevented counsel from effectively representing him and created a conflict of interest which deprived him of the effective assistance of counsel. He cites no examples of how counsel's conduct would have been different had no grievance been filed. He contends poor communication with counsel prevented counsel from providing effective representation but offers no examples of information which counsel needed to present an effective defense but did not possess. Moreover, any deficiency in communication was within appellant's control. The constitutional right to effective assistance of counsel does not extend to permitting a defendant to manipulate the trial process simply by refusing to communicate with appointed counsel. *See Dunn v. State*, 819 S.W.2d 510, 520-21 (Tex.Crim.App. 1991) (also noting that a criminal defendant is not entitled to appointed counsel of his choice); *Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex.Crim.App. 1988) (defendant may not use his right to counsel to manipulate the court or to delay his trial); *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987); *Wallace v. State*, 618 S.W.2d 67, 70 (Tex.Crim. App. 1981) (stating rule that right to counsel may not be manipulated so as to obstruct the judicial process); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex.App.--Houston [1st Dist.] 2004, pet. ref'd) (finding no abuse of discretion in denial of motion for appointment of substitute counsel).

As evidence of a conflict of interest, appellant agues that, because of the grievance he filed against his trial counsel, "a strong chance exists that counsel's interests will fall adversely to those of his client." He points to no circumstance, however, in which trial counsel was required to make a choice between advancing appellant's interests and protecting counsel's own interests.[1] Such a required choice is the test for determining whether there is a conflict which may render counsel's assistance ineffective. *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex.Crim.App. 1997). Appellant's speculation as to an unidentified potential conflict is insufficient to show error in the trial court's ruling. *See Dunn*, 819 S.W.2d at 520 (noting appellant there did not claim that asserted conflict "actually affected the adequacy of his representation" by appointed counsel). Moreover, the trial court could have found the timing of the grievance, made on the eve of trial, was evidence of an intent to manipulate the trial process. We hold the trial court did not abuse its discretion in denying trial counsel's motion to withdraw and overrule appellant's first issue.

Our disposition of appellant's first issue is also dispositive of his second issue assigning error to the denial of his motion for continuance. Because the trial court did not err in denying trial counsel's motion to withdraw, it did not err in overruling appellant's motion for continuance. We overrule appellant's second issue.

Appellant's third and fourth issues challenge the legal and factual sufficiency of the evidence supporting his conviction. The briefs correctly state the standards by which we

---

[1] Nor, having reviewed the entire record, do we find it to reflect such a circumstance.

must review challenges to the legal sufficiency of the evidence and recitation of those standards here is unnecessary. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). After the parties filed their briefs in this case the Court of Criminal Appeals provided further guidance to appellate courts in reviewing factual sufficiency challenges. *See Watson v. State*, 204 S.W.3d 404 (Tex.Crim.App. 2006). Before reversing based on factual insufficiency an appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id*. at 417.

The evidence showed that on the afternoon of appellant's arrest the Levelland Police Department received a phone call reporting a man was attempting to break into a business called Ted's Café. The caller remained on the phone until police officers arrived and was unable to see the actor while at the telephone. When Sergeant Armando Lopez arrived he found appellant attempting to get on a bicycle outside the café but having difficulty. Lopez took appellant into custody and noticed he had cuts on his hands which were bleeding. Lopez found the café closed and the doors locked, but noted there was a broken window. Detective Tommy Williams and another detective named McDonald arrived shortly thereafter. They found the broken window and that the drive-through window was open. Another witness named Paul Burgio approached one of the detectives and reported hearing a thump as he was walking by the café. He looked to see appellant lying on the ground outside the drive-through window. The business owner, Ted Wheeler, also arrived and let the detectives into the building. According to Wheeler it was the business's practice to remove currency from the cash register each day and leave any

5

change. The detectives and Wheeler found the cash drawer was pulled out of the register and it contained no bills or change. The detectives found blood on the counter inside the drive-through window and collected a sample for testing. They then went to the jail where they learned appellant was carrying approximately $8.00 in change when he was booked into the jail. Investigators later obtained a blood sample from appellant for comparison to the blood recovered from the restaurant.

At trial the State presented the testimony of the original caller, Rachel Archuleta, Burgilo, Sergeant Lopez, and Detective Williams, each of whom testified to the events we have described. The State also called Angela Rodriguez from the Department of Public Safety crime laboratory in Lubbock, who performed DNA analysis of the blood recovered from the scene and that obtained from appellant. She testified appellant was the source of the blood found at the scene "to a reasonable degree of scientific certainty."

Appellant's sufficiency challenge rests on the absence of testimony that any witness saw him in the building. The State is not limited to proof of each element of an offense by direct evidence. Circumstantial evidence is reviewed under the same standards as direct evidence. *Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991). He contends the presence of his blood inside the building does not prove beyond a reasonable doubt he was in the building, suggesting the blood, found near the open window, could have "somehow been transferred" there during his arrest outside that window. This argument seeks to impose on the State the duty to exclude every conceivable hypothesis other than appellant's guilt. Even if appellant's theory could be viewed as a reasonable hypotheses inconsistent with his guilt, the Court of Criminal Appeals abandoned that standard for

6

reviewing sufficiency in circumstantial evidence cases in its opinion in *Geesa*. 820 S.W.2d at 161. Viewing the evidence in the light most favorable to the jury's verdict, we find a reasonable fact finder could rationally have found the elements of the offense beyond a reasonable doubt. We overrule appellant's third issue.

Similarly, appellant's factual sufficiency challenge does not rely on evidence contrary to the jury's verdict, but on perceived inconsistencies or deficiencies in the State's evidence. Appellant points to discrepancies in testimony concerning the amount of money recovered from appellant at the jail and the type of clothing he was wearing. He also attributes significance to the inability of the original caller to identify him as the same person she had seen across the street. Viewing the record as a whole and in a neutral light, we cannot say the jury's verdict was against the great weight and preponderance of the evidence, and so overrule appellant's fourth issue.

Having overruled appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

7