**Eric Don McGREGOR, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05-04-00447-CR.**

Court of Appeals of Texas,
Dallas.

Sept. 24, 2004.

Lance S. Baxter, Baxter, Gibbs & Robison, L.L.P., McKinney, for Appellant.

John R. Roach, Collin County Dist. Atty., McKinney, for State.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

### OPINION

Opinion by Justice MORRIS.

Before he was convicted and sentenced, Eric Don McGregor was in jail awaiting trial. He now complains in a single issue that the trial court erred by refusing to credit his pretrial jail time against the sentence he received. Specifically, appellant contends the trial court had no discretion to deny him credit for the time he served that exceeded the maximum punishment for his state-jail-felony offense. We agree with appellant. Accordingly, we resolve appellant's issue in his favor, modify the trial court's judgment, and affirm the judgment as modified.

In his brief, appellant contended the trial court was required to credit against his current sentence the time he spent in jail from his arrest to his conviction and sentence. Appellant asserted that he was jailed and indigent from the date of his arrest until he was ultimately convicted and sentenced 149 days later. The trial court sentenced appellant to 665 days in state jail for possession of a controlled substance in an amount less than one gram, a state jail felony. Appellant argued that because his combined jail time exceeded the two-year maximum sentence for a state jail felony by eighty-four days, the trial court was required to credit at least that much time against his sentence. The State responded to appellant's argument by contending that the record was insufficient to show what period of time appellant was jailed on the complained-of offense before his conviction and whether he was, in fact, indigent at the time. On July 22, 2004, we abated the appeal and ordered the trial court to hold a hearing on the matter. The trial court convened a hearing on August 2, 2004. It found, and both parties agreed, that appellant was "incarcerated continuously from his date of arrest on October 7, 2003 until his conviction on March 4, 2004"—a period of 149 days. The trial court further found that appellant was indigent for the purposes of posting bond during this time period.

Under the Texas Code of Criminal Procedure, a trial court may choose to deny a defendant credit for time he served in county jail from the time of his arrest until the time he was sentenced to confinement in a state jail felony facility. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp.2005). But in *Ex parte Harris*, 946 S.W.2d 79 (Tex.Crim.App. 1997), the Texas Court of Criminal Appeals created an exception to this statutory rule. The court held that a defendant is entitled to credit for pretrial jail time if that defendant receives the maximum sentence for his offense and was unable to post bond due to his indigence. *Id.* at 80. In *Ex parte Bates*, 978 S.W.2d 575 (Tex. Crim.App.1998), the court suggested that this is also the case if the indigent defendant's pretrial jail time combined with his sentence exceeds the maximum punishment for the offense. *See id.* at 577. Following the issuance of *Bates*, the court has not specifically dealt with a situation like appellant's, where the pretrial jail time combined with the sentence exceeds the maximum punishment for the offense. Nevertheless, the court's previous opinions indicate that the dicta in *Bates* should apply in such cases.

For example, in *Harris*, the court of criminal appeals cited one of its previous opinions, *Caraway v. State*, 550 S.W.2d 699 (Tex.Crim.App.1977), for the proposition that the Equal Protection Clause of the Fourteenth Amendment requires that an inmate receive credit for his pretrial jail time if he had been unable to post bond due to his indigence, even if a relevant

statute provides that the award of such credit is discretionary with the trial court. *Harris,* 946 S.W.2d at 80. The *Caraway* case, in turn, relied on the federal case of *Hart v. Henderson,* 449 F.2d 183 (5th Cir. 1971). The court in *Caraway* noted *Hart's* holding that "the inability of an indigent criminal defendant to make bond should not extend his imprisonment beyond the statutory maximum." *Caraway,* 550 S.W.2d at 704. This rationale appears to underpin the decisions in *Harris* and *Bates.* Therefore, it stands to reason that a defendant who was indigent for the purposes of posting bond should be given credit for pretrial time served between his arrest and his sentencing to the extent that the pretrial jail time added to the actual sentence exceeds the maximum punishment for his offense. *See Hoitt v. State,* 30 S.W.3d 670, 676–78 (Tex.App.-Texarkana 2000, pet. ref'd) (remanding appeal for trial court to grant appellant credit for "at least the number of days spent in pretrial confinement while indigent, if any, that, together with the punishment assessed, exceed the maximum penalty for his offense"); *see also Holloway v. State,* 115 S.W.3d 797, 798 (Tex.App.-Austin 2003, no pet.) (concluding trial court not "required" to give appellant credit for pretrial jail time because pretrial time plus sentence did not exceed maximum punishment for offense).

Here, appellant was confined in jail 149 days from the date of his arrest to the date of his conviction and sentencing. He was indigent for the purposes of posting bond during that time. When appellant's pretrial confinement is added to his 665–day

sentence, appellant's punishment exceeds the maximum of two years' confinement by eighty-four days. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003); TEX. PEN.CODE ANN. § 12.35(a) (Vernon 2003). We conclude appellant is entitled to eighty-four days' credit against his current sentence.[1] We resolve appellant's sole issue in his favor.

We modify the trial court's judgment to reflect that eighty-four days be credited against appellant's sentence. We otherwise affirm the trial court's judgment as modified. *See* TEX.R.APP. P. 43.2(b).

---

1. The State alleges in its brief that appellant waived this matter for appeal by failing to object to the trial court's refusal to grant the time credit at sentencing. This argument is without merit. *See Joseph v. State,* 3 S.W.3d 627, 643 (Tex. App-Houston [14th Dist.] 1999, no pet.). We must reform a judgment to correct what the trial court could have corrected by a judgment nunc pro tunc, where the evidence necessary to correct the judgment appears in the record. *See Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd).