Jeremiah Urias GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–04–00060–CR.

Court of Appeals of Texas,
Dallas.

Jan. 27, 2005.

James Patrick Whalen, Dallas, for Appellant.

John R. Roach, Collin County Dist. Atty., John A. Stride, Asst. Dist. Atty., Manuel E. Gonzalez, Asst. Crim. Dist. Atty., McKinney, for State.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

In a single point of error, Jeremiah Urias Garcia complains that the trial court erred when it sentenced him to twenty-three months' confinement without crediting him for time served awaiting trial. In its brief, the State initially alleged that appellant was entitled to credit only for time he served while awaiting a hearing on its two motions to adjudicate but not for time served while he was awaiting his initial plea hearing. The parties and the trial court now agree appellant is entitled to 199 days of back time credit against his sentence. We therefore sustain appellant's sole point of error, modify the trial court's judgment to reflect the back time credit, and affirm the judgment as modified.

When appellant's guilt was adjudicated for possession of a controlled substance in an amount less than one gram, the trial court sentenced him to twenty-three months' confinement in state jail. This sentence was one month less than the maximum sentence for the offense. *See*

**756**

TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003); TEX. PEN.CODE ANN. § 12.35(a) (Vernon 2003). The trial court denied appellant any credit for back time served. After the parties filed their briefs in the case, we abated the appeal and ordered the trial court to determine what period of time between his arrest and placement on deferred adjudication appellant spent in jail for this offense and whether appellant was indigent for purposes of posting bond during any of that time period.

In *McGregor v. State*, 145 S.W.3d 820 (Tex.App.-Dallas 2004, no pet.), this Court held that a defendant who was indigent for the purposes of posting bond should be given credit for pretrial time served between his arrest and his sentencing to state jail to the extent that the pretrial jail time added to the actual sentence exceeds the maximum punishment for his offense. *Id.* at 822. Recognizing our holding in *McGregor*, the trial court and the parties here agreed that appellant was entitled to back time credit for his pretrial incarceration served after his bond was declared insufficient as well as his time served awaiting disposition of the State's motions to adjudicate guilt. Accordingly, the parties and the trial court now agree appellant is entitled to back time totaling 199 days, and the trial court has attempted to issue a judgment nunc pro tunc reflecting the 199–day credit.

We note that the agreed 199–day time period constitutes all the jail time appellant served while indigent and awaiting his plea hearing and his two hearings on the State's motions to adjudicate. In *McGregor*, this Court held a defendant is entitled to back-time credit in a situation like appellant's to the extent that the back time added to the actual sentence exceeds the maximum punishment for his offense. When appellant's 199–day pretrial confine-

ment is added to his twenty-three-month sentence, his punishment clearly exceeds the maximum of two years' confinement. Under *McGregor*, appellant would be entitled to a credit only for those days that exceeded the maximum punishment for his offense.

We nevertheless accept the number of days agreed to by the parties and trial court, concluding that, although *McGregor* requires a trial court to credit a defendant for back time to the extent that the back time added to the actual state jail sentence exceeds the maximum punishment, a trial court retains its discretion to permit a credit against a state jail sentence up to the total amount of back time served. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp.2004–05) (allowing a trial court to credit against a defendant's sentence in state jail any "time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court"); *see also Hoitt v. State*, 30 S.W.3d 670, 676–78 (Tex.App.-Texarkana 2000, pet. ref'd) (remanding appeal for trial court to grant appellant credit for "at least the number of days spent in pretrial confinement while indigent, if any, that, together with the punishment assessed, exceed the maximum penalty for his offense"). We sustain appellant's sole point of error.

We modify the trial court's judgment to reflect that 199 days be credited against appellant's sentence. We otherwise affirm the trial court's judgment as modified.