

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00269-CR

JAMES CLAYTON CANTRELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-637-C1

_____

MEMORANDUM OPINION

_____

In eleven issues, appellant, James Clayton Cantrell, complains about the revocation of his community supervision and certain aspects of the trial court's judgment. We affirm as modified.

## I. BACKGROUND

In March 2011, appellant was charged by indictment with theft of more than $1,500 but less than $20,000, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2013). Thereafter, appellant filed a request for a court-appointed attorney, stating that, among other things, he makes $1,200 per month working at

Sanderson Farms and that he has $1,042 in monthly expenses. The trial court determined that appellant was indigent and appointed him counsel.

Subsequently, appellant pleaded guilty to the charged offense. The trial court deferred an adjudication of guilt and placed appellant on community supervision for five years. Additionally, the trial court assessed a $1,000 fine and $1,915 in restitution.

On May 15, 2012, the State filed a motion to adjudicate guilt, alleging that appellant violated ten conditions of his community supervision. In particular, the State asserted that appellant failed to attend two Alcoholics/Narcotics Anonymous meetings, committed the offense of engaging in criminal activity/burglary of a building, committed the offense of theft of services, and violated seven financial conditions of his community supervision.

On July 16, 2012, the trial court conducted a hearing on the State's motion to adjudicate. At the hearing, the State abandoned the criminal-activity/burglary-of-a-building and theft-of-services allegations. At the conclusion of the hearing, the trial court revoked appellant's community supervision, found appellant guilty of the charged offense, and sentenced him to two years' confinement in the State-Jail Division of the Texas Department of Criminal Justice. The trial court also assessed a $1,000 fine, and though not orally pronounced at the hearing, the judgment assessed $1,915 in restitution. The trial court certified appellant's right of appeal, and this appeal followed.

## II. REVOCATION OF APPELLANT'S COMMUNITY SUPERVISION

In his first five issues, appellant complains that the trial court abused its

discretion in revoking his community supervision because the evidence was legally insufficient. In particular, appellant contends that the decision to revoke his community supervision and sentence him to prison amounted to imprisonment for a debt and, thus, violated his constitutional rights. We disagree.

## A. Applicable Law

We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of credibility of the witnesses and the weight to be given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.*

If the State fails to produce a preponderance of the evidence to support a violation of the terms of appellant's community supervision, the trial court abuses its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). However, proof by a preponderance of any one alleged violation is sufficient to affirm an order revoking community supervision and adjudicating guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground

for revocation would support the trial court's order revoking' community supervision" (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.); *see also Nathan v. State*, No. 10-12-00432-CR, 2013 Tex. App. LEXIS 7511, at *3 (Tex. App.—Waco June 20, 2013, pet. ref'd) (mem. op., not designated for publication).

## B.     Discussion

Here, the trial court revoked appellant's community supervision based on his failure to attend two Alcoholics/Narcotics Anonymous meetings and his failure to pay various fees and fines. Though he does not specifically challenge the sufficiency of the evidence supporting the State's allegation pertaining to the Alcoholics/Narcotics Anonymous meetings, appellant asserts that the trial court revoked his community supervision based solely on financial considerations because the trial court made the following statement: "If I thought it was just a case of you missing some AA meetings, I might could overlook that." Appellant interprets this statement as an indication that the trial court would not have revoked his community supervision based solely on his failure to attend the aforementioned meetings.

However, a review of the trial court's statements in context does not support appellant's interpretation. Specifically, the trial court stated:

THE COURT:     All right, Mr. Cantrell, the Court having heard the testimony and evidence, I know from long experience with the probation department they don't just filed a Motion to Adjudicate or a Motion to Revoke at the drop of a hat. You know, they bend over backwards trying to work with people. . . . You get chance after chance after chance. Deferred adjudication is a privilege. Probation is a privilege, not a right. And

it's your duty to comply with these terms and conditions.

Now the financial stuff, I don't think they ever come in here and ask for revocation on financial issues unless there is something else involved. But you had a job. It was your duty to take care of these obligations. And I think if my liberty were at stake, I would make sure I paid these bills before I paid anything else. You might get evicted from a place, but you know, the landlord can't throw you in jail; I can.

If I thought it was just a case of you missing some AA meetings, I might could overlook that. But I know and you know that you went further than that. Therefore, I find Allegations 1 and 4 through 10 to be true. I revoke your probation, find you guilty of the underlying offense.

At no point did the trial court definitively state that it would not revoke appellant's community supervision based solely on appellant's failure to attend the aforementioned meetings. The trial court stated that it "might" overlook this allegation if it had been the only violation alleged by the State, which was not the case here. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (10th ed.) 737 (defining "might" as "possibility in the past . . . or a present condition contrary to fact . . . or less probability or possibility than *may* . . . or as a polite alternative to *may* . . ." (emphasis in original)). Accordingly, we disagree with appellant's contention that the trial court "would not have revoked Cantrell for allegation 1."

In any event, during the hearing, Monica Harper, appellant's community supervision supervisor, testified that appellant was required to attend Alcoholics/Narcotics Anonymous meetings two times per week from October 2011 to

July 16, 2012, the time of the hearing. Harper recounted that appellant did not attend these meetings on a regular basis. Harper stated that appellant submitted four sheets at two different times and that the sheets documented that appellant attended meetings only fifteen times. Furthermore, Harper believed that the sheets that appellant submitted were suspicious and possibly forged because they were not signed by someone who would have normally chaired the meetings. Later in her testimony, Harper stated that appellant forged the attendance sheets associated with these meetings and that, even without the forgery, appellant did not meet this condition of his community supervision. On cross-examination, Harper acknowledged that the organizations conducting the meetings do not keep records of those who attend.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the record contains sufficient evidence to demonstrate by a preponderance of the evidence that appellant violated his community supervision by failing to attend Alcoholics/Narcotics Anonymous meetings. *See Hacker*, 389 S.W.3d at 864-65. And because proof of a single violation of the terms of community supervision is sufficient to support revocation, we cannot say that the trial court abused its discretion in revoking appellant's community supervision. *See Smith*, 286 S.W.3d at 342; *Rickels*, 202 S.W.3d at 763-64; *Clay*, 361 S.W.3d at 765; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order."); *see also Nathan*, 2013 Tex. App. LEXIS 7511, at *3. Accordingly, we need not address appellant's contentions regarding the financial conditions of his community supervision. *See* TEX.

R. APP. P. 47.1; *Smith*, 286 S.W.3d at 342; *Clay*, 361 S.W.3d at 765; *see also Nathan*, 2013 Tex. App. LEXIS 7511, at *3. We overrule appellant's first five issues.

### III. RESTITUTION

In his sixth issue, appellant argues that the trial court erred in assessing restitution in the written judgment because the trial court did not orally pronounce restitution as part of appellant's sentence after adjudicating his guilt. The State concedes that there was no oral pronouncement of restitution at the revocation hearing, which was necessary for the order of restitution to be effective. *See Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) ("Because the requirement that Alexander pay $10,311.25 in restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment." (citing *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (stating that, when there is conflict between the oral pronouncement of sentence and the written memorialization of that sentence, the oral pronouncement controls); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd))). Accordingly, we sustain appellant's sixth issue and modify the trial court's written judgment to delete the restitution award of $1,915. *See id.*; *see also Webb v. State*, No. 09-13-00500-CR, 2014 Tex. App. LEXIS 3819, at **2-3 (Tex. App.—Beaumont Apr. 9, 2014, no pet. h.) (mem. op., not designated for publication) (modifying the trial court's judgment to delete a restitution award that was not orally pronounced but included in the written judgment).

## IV. THE BILL OF COSTS

In his eighth issue, appellant asserts that the trial court erred in assessing court costs because the bill of costs was not signed. Here, the bill of costs was incorporated into the trial court's judgment with the amount of costs to be paid written on the face of the judgment itself. A review of the bill of costs shows that, with the exception of court-appointed attorney's fees and the assessed $1,000 fine, all of the assessed costs are statutorily mandated. Though not available at the time appellant's brief was filed, the Court of Criminal Appeals has recently held that a bill of costs need not be included in the record to support the assessment of mandatory or statutorily-authorized court costs. *Johnson v. State*, No. PD-0193-13, ___ S.W.3d ___, 2014 Tex. Crim. App. LEXIS 240, at **25-26 (Tex. Crim. App. Feb. 26, 2014); *see Cardenas v. State*, No. PD-0733-13, ___ S.W.3d ___, 2014 Tex. Crim. App. LEXIS 236, at *3 (Tex. Crim. App. Feb. 26, 2014). Thus, it follows that if a bill of costs need not be included in the record to support statutorily-authorized court costs, then an unsigned bill of costs delineating statutorily-authorized court costs is acceptable. *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at **25-26; *Cardenas*, 2014 Tex. Crim. App. LEXIS 236, at *3. In any event, appellant does not cite relevant authority supporting his contention that the bill of costs in this case has no legal effect because it is unsigned. Accordingly, we overrule appellant's eighth issue.

## V. THE ASSESSMENT OF COURT COSTS

In his seventh issue, appellant complains that the assessments for the "indigent defense fund" and the "time payment fee" are not compensatory and, thus, cannot be imposed as court costs. Appellant characterizes these fees are unauthorized penalties.

Regarding a somewhat similar issue, the Court of Criminal Appeals has stated that court costs "need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)). "This is because court costs do not 'alter the range of punishment to which the defendant is subject, or the number of years assessed' and, thus, are not part of the sentence." *Id.* at 767 (citing *Weir*, 278 S.W.3d at 367). "Instead, court costs are compensatory in nature; that is, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* (citing *Weir*, 278 S.W.3d at 366). "In contrast, fines generally must be orally pronounced in the defendant's presence." *Id.* (citations omitted). "Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'" *Id.* (citing *Weir*, 278 S.W.3d at 366).

In the bill of costs, which was incorporated into the judgment, appellant was assessed $2 for the "IDCC INDIGENT DEFENSE FEE" and $25 for the "TPMT TIME PMT" fee. Both of these fees are statutorily mandated. *See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code."); *see also id.* § 133.103(a) (West Supp. 2013) (requiring a person convicted of a felony or misdemeanor to pay a fee of $25 if the person pays any part of a

fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution). Other than conclusory statements, appellant does not cite relevant authority to support his contention that these fees are penalties, rather than compensatory in nature.[1]

Because "[l]egislatively-mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay, unless otherwise prohibited by statute, and do not need to be in the oral pronouncement of sentence or in the written judgment in order to be imposed on a convicted defendant," we do not believe that the complained-of fees are punitive; nor were they required to be orally pronounced to be effective. *See Martin v. State*, 405 S.W.3d 944, 947-48 (Tex. App.—Texarkana 2013, no pet.) (citing *Armstrong*, 340 S.W.3d at 766-67; *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.)). Accordingly, we overrule appellant's seventh issue.

## VI. ASSESSMENT OF COURT-APPOINTED ATTORNEY'S FEES

In his ninth and tenth issues, appellant contends that the trial court erred in assessing court-appointed attorney's fees as court costs because he is indigent and has remained so throughout these proceedings. The State concedes that the assessment of court-appointed attorney's fees should be deleted from the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial

[1] Interestingly, appellant was determined to be indigent and, because of his indigence, was appointed counsel in the trial court and on appeal. Accordingly, we are not persuaded that appellant has not derived a benefit from the indigent-defense fee. Given this and the fact that appellant has not cited relevant authority supporting his contention, we cannot say that this fee is a penalty, rather than compensatory in nature.

circumstances occurs."); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 Tex. App. LEXIS 1369, at *6 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication). Accordingly, we sustain appellant's ninth and tenth issues and modify the judgment to reduce court costs by $400, which corresponds with the amount imposed for court-appointed attorney's fees.

## VII. BACK-TIME CREDIT

In his eleventh issue, appellant argues that the trial court's judgment did not give him credit for all of his county-jail back time. In making this argument, appellant references the judgment adjudicating guilt, which credited appellant with time served from: (1) February 22, 2010 to March 10, 2010; (2) March 10, 2010 to March 24, 2010; (3) August 1, 2011 to August 4, 2011; and (4) May 21, 2012 to July 16, 2012. Appellant also notes that the trial court stated at the hearing on the State's motion to revoke that it would give appellant "credit for time served." Furthermore, in showing that the calculation of back-time credit is erroneous, appellant references the booking record of the McLennan County Sheriff's Department, which apparently credited appellant with 213 days of back time.

However, the booking record of the McLennan County Sheriff's Department is included in appellant's appendix and has not been formally included in the record.[2] *See Rasberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (noting that documents

---

[2] On November 27, 2012, appellant filed, in this Court, a motion to supplement the record with, among other things, the booking record of the McLennan County Sheriff's Department; however, this motion was denied. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam) (stating that pre-sentence time-credit claims typically must be raised by a judgment nunc pro tunc, and if the trial court denies the motion or fails to respond, the proper avenue for relief is by petition for writ of mandamus or possibly a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure); *see also McCullough v. State*, No. 05-13-00667-CR, 2013 Tex. App. LEXIS 6475, at **1-2 (Tex. App.—Dallas May 16, 2013, no pet.) (mem. op., not designated for publication).

attached to a brief but omitted from the appellate record cannot be considered); *Witkovsky v. State*, 320 S.W.3d 425, 428 (Tex. App.—Fort Worth 2010, pet. ref'd, untimely filed) (striking documents from an appendix to a brief because they were not also included in the appellate record); *see also Williams v. State*, No. 07-12-00285-CR, 2013 Tex. App. LEXIS 11471, at **2-3 (Tex. App.—Amarillo Sept. 5, 2013, no pet.) (mem. op., not designated for publication). Without an adequate record, we cannot modify the judgment. *See McGregor v. State*, 145 S.W.3d 820, 822 n.1 (Tex. App.—Dallas 2004, no pet.) ("We must reform a judgment to correct what the trial court could not have corrected by a judgment nunc pro tunc, where the evidence necessary to correct the judgment appears in the record."); *see also Ortiz v. State*, 144 S.W.3d 225, 229-30 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (noting that, while district and appellate courts have a duty to ensure delivery of the record, the party seeking review still has the duty to develop the record demonstrating error). Because we do not have an adequate record with which to determine any additional back-time credit, we overrule appellant's eleventh issue.

## VIII.  CONCLUSION

Based on the foregoing, we modify the trial court's judgment to delete the restitution finding and the $400 assessment for appellant's court-appointed attorney's fees. We affirm the judgment in all other respects.


AL SCOGGINS
Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed as modified
Opinion delivered and filed May 15, 2014
Do not publish
[CR25]