

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00014-CR

---

RANDON LEE FOLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 77th District Court
Limestone County, Texas
Trial Court No. 12386-A

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Randon Lee Foley was just months from completing his deferred adjudication community supervision[1] for an underlying charge of theft, in Limestone County,[2] of at least $1,500.00 but less than $20,000.00,[3] a state jail felony, when he found himself on the receiving end of the State's motion to adjudicate his guilt. The State's motion to adjudicate alleged that he had violated the terms and conditions of his community supervision by ingesting cocaine and committing violations of California law, which were similar to Texas violations of theft, dating violence, and tampering with a witness. Foley pled true to the State's allegations, and the trial court adjudicated Foley's guilt and sentenced him to six months' confinement in state jail.

On appeal, Foley argues that the trial court (1) "apparently misunderstood the available sentencing options" and (2) erred by failing to award him credit for time served after he was arrested on the State's motion to adjudicate guilt. We find Foley's point of error regarding sentencing options unpreserved and conclude that the record cannot support our modification of the judgment for any back-time credit. Accordingly, we affirm the trial court's judgment.

---

[1]Based on Foley's guilty plea under a plea agreement, the trial court had deferred adjudication of guilt, had placed Foley on community supervision for five years, and had ordered him to pay a $1,000.00 fine, $3,074.10 for extradition and transport fees, and $313.75 in court costs.

[2]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[3]*See* Act of May 11, 2009, 81st Leg., R.S., ch. 70, 2009 Tex. Gen. Laws 114, 115 (amended 2015) (current version at TEX. PENAL CODE § 31.03(e)(4)(A)).

*(1)     Foley's Complaint that the Trial Court "Apparently Misunderstood" the Available Sentencing Options Is Not Preserved*

Before accepting Foley's plea of true to the State's allegation in the motion to adjudicate guilt, the trial court informed Foley that it could "modify [his] probation or revoke [his] probation." Karen Harrison, Foley's community supervision officer, engaged in the following exchange during punishment:

> Q.     Okay. Now, with regard to Mr. Foley. I mean, the Court has several things they can do with him. His time is actually expired on the state jail case. Correct?
>
> A.     I believe that's correct. Yes.
>
> Q.     Because he was put on four, five years in October 2011; so we're December 2016, so we're a couple of months over time. The only thing really holding that case open is the motion. Correct?
>
> A.     That is correct.[4]

Harrison then testified that Foley was not a good candidate for community supervision.

When questioned at punishment, Foley testified that he understood that the trial court had "a lot of options" with regard to sentencing, including extending his community supervision. During closing argument, Foley's counsel asked the trial court to continue Foley on community supervision for another five years. The trial court's judgment contained two options: one to order the sentence executed, and another to suspend the sentence and continue Foley on community supervision. The trial court chose the first option.

Pointing to Harrison's testimony, Foley argues that Harrison testified that the trial court could not continue him on community supervision and that the trial court apparently

---

[4]The State's motion to adjudicate guilt was filed June 3, 2016.

3

misunderstood the sentencing options.[5]  Concluding that the trial court must have believed that it could not extend his community supervision, Foley asks this Court to "impose a duty on the trial court to clarify any misunderstanding about eligibility for community supervision."  The State argues that nothing demonstrates that the trial court misunderstood the available sentencing options.

To preserve a complaint for appellate review, the record must reveal that "the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a). "A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013).  In some instances, an appellant may preserve a sentencing issue by raising it in a motion for new trial. *Id.* Foley did not raise this complaint at any time before appeal.  Therefore, we overrule this unpreserved point of error.[6]

*(2)      The Record Cannot Support a Modification for any Back-Time Credit*

Foley also argues that the trial court erred in not allowing him any credit for time served after he was arrested on the State's motion to adjudicate guilt.  Foley represents that "he had at

---

[5]In a separate bail jumping case, Foley had previously been placed on deferred adjudication community supervision for ten years, and the State had also filed a motion to revoke Foley's community supervision in that case.  The trial court held a consolidated revocation hearing on both cases. While the trial court revoked Foley's community supervision in this case, it decided to continue Foley on deferred adjudication community supervision on the bail jumping case.  Foley's argument that the trial court misunderstood the sentencing options stems from his belief that the trial court would have also extended his community supervision in this case if it believed that it could have done so.

[6]We further note that nothing in the appellate record actually demonstrates that the trial court misunderstood the sentencing options.  "Trial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

least one day of credit that he is entitled to—and perhaps more." We conclude that the appellate record does not support Foley's claim.

Foley's counsel readily admits that "the record does not reflect the dates that he was incarcerated."[7] Without an adequate record, we cannot modify the judgment. *See McGregor v. State*, 145 S.W.3d 820, 822 n.1 (Tex. App.—Dallas 2004, no pet.) ("We must reform a judgment to correct what the trial court could not have corrected by a judgment nunc pro tunc, where the evidence necessary to correct the judgment appears in the record."); *see also Ortiz v. State*, 144 S.W.3d 225, 229–30 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (noting that, while district and appellate courts have a duty to ensure delivery of the record, the party seeking review still has the duty to develop the record demonstrating error).

Because we do not have an adequate record with which to determine any additional back-time credit, we overrule this issue.[8]

---

[7]The only mention of jail time in the record was at a hearing where Foley appeared with retained counsel. There, the trial court said that Foley would have to "book through," indicating that he had not yet been arrested and processed at the jail. The trial court further stated that he would be provided with a bond and would be released.

[8]*See Cantrell v. State*, No. 10-12-00269-CR, 2014 WL 2069279, at *6 (Tex. App.—Waco May 15, 2014, no pet.). Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 4, 2017
Date Decided:       August 15, 2017

Do Not Publish