AFFIRMED and Opinion Filed August 1, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00230-CR

No. 05-18-00231-CR

**ILONA ELISABETH SCHEEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-76584-W; F14-76585-W**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Ilona Elisabeth Scheel appeals the trial court's judgments adjudicating her guilt on two charges of abandoning or endangering a child. The trial court sentenced appellant to one year of confinement in state jail in each case. In a single issue, appellant argues the trial court violated her constitutional right to equal protection of the law by failing to give her credit for time served between arrest and sentencing. We affirm the trial court's judgments.

In June 2015, appellant was indicted on two charges of abandoning or endangering a child. Pursuant to a plea agreement, appellant pled guilty to each charge, and the trial court deferred an adjudication of guilt and placed appellant on community supervision for two years. In July 2017, the State filed motions to adjudicate appellant's guilt. At a hearing in February 2018, appellant waived formal reading of the motions to adjudicate and pled true to all but two of the allegations

in the motions. At the conclusion of the hearing, the trial court found the evidence substantiated appellant's pleas, adjudicated appellant guilty in both cases, and assessed punishment at one year of confinement in state jail. The trial court concluded, "No credit for back time." These appeals followed.

In a single issue, appellant "contests only the statutory authority for the trial court to deny her credit for back time served prior to sentencing." Appellant correctly notes that the code of criminal procedure gives the trial court discretion to award or deny credit for such back time service. *See* TEX. CODE CRIM. PROC. ANN. art 42A.559(c)(1)[1] (under article 42A.559(c)(1), a judge "may credit against any time a defendant is required to serve in a state jail felony facility time served in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court"). Appellant points out that, for first-, second-, and third-degree felonies, "it is a mandatory function of the district court to award back time credit for any time the defendant has spent incarcerated between the time of arrest and the time of sentencing." Based on this difference in treatment, appellant argues "the State of Texas in adopting this statutory scheme has violated appellant's Fourteenth Amendment right to the equal protection of the law." Thus, appellant argues that article 42A.559 is facially unconstitutional.

Appellant failed to raise any objection to the trial court's oral pronouncement that she receive "[n]o credit for back time." A defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Moreover, a defendant who was indigent for the purposes of posting bond should be given credit for pretrial time served between his arrest and his sentencing to the extent that the pretrial

---

[1] Appellant cites article "42.03A[c](1)" of the code of criminal procedure as the source of the trial court's discretion in awarding credit for back time service; however, article 42A.559(c)(1) is the relevant article, appearing in the subchapter regarding "state jail felony community supervision."

jail time added to the actual sentence exceeds the maximum punishment for his offense. *McGregor v. State*, 145 S.W.3d 820, 822 (Tex. App.—Dallas 2004, no pet.) (awarding eighty-four days' credit for back time where appellant confined in jail for 149 days between arrest and conviction and given 665-day sentence). The maximum punishment for a state jail felony is two years. TEX. PENAL CODE ANN. § 12.35. Appellant was sentenced to one year of confinement. The record is silent as to whether appellant in fact served any "back time," much less more than a year. On the contrary, the record indicates appellant was on community supervision until the trial court adjudicated her guilt. Under these circumstances, we conclude appellant's sole issue lacks merit.

We affirm the trial court's judgments.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Carlyle, J. concurring

Do Not Publish
TEX. R. APP. P. 47.2(b)

180230F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ILONA ELISABETH SCHEEL, Appellant

No. 05-18-00230-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1476584-W.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 1, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ILONA ELISABETH SCHEEL, Appellant

No. 05-18-00231-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1476585-W.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 1, 2019