

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00384-CR

Graham Bradford **LASCSAK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 19-08-0207-CRA
Honorable Russell Wilson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
           Luz Elena D. Chapa, Justice
           Lori I. Valenzuela, Justice

Delivered and Filed: March 1, 2023

AFFIRMED

Appellant Graham Bradford Lascsak was convicted of interference with child custody. He was sentenced to confinement for two years, but because he had been in pretrial incarceration for more than the length of his sentence, the trial court credited him his time served, and it declared his sentence fully satisfied.

On appeal, Graham argues the trial court committed reversible error by denying his court-appointed counsel's motion to withdraw and admitting testimony regarding extraneous offenses.

He also contends the judgment was void, or in the alternative, his pretrial bail was wrongfully denied.

We affirm the trial court's judgment.

## BACKGROUND

Graham Lascsak and Amme Fenner dated for about two years but never married. When they broke up, Amme was pregnant, and their son was born in June 2008. In 2010, they signed a child custody agreement. Amme was given the exclusive right to designate the primary residence of the child.

### A. Unauthorized Pickup

In April 2019, their ten-year-old son L.L. was mad at Amme for grounding him and taking away some of his privileges. L.L. texted Graham; he said he didn't want to live with Amme anymore, and he asked Graham to come pick him up from Amme's home in Atascosa County. Graham agreed to do so. At about 3:00 o'clock in the morning, L.L. snuck out of his bedroom to meet Graham. Without Amme's knowledge or permission, and in violation of the child possession order, Graham took L.L. to Graham's home in Eastland County, about 250 miles away.

### B. Law Enforcement Response

When Amme discovered L.L. was missing, she contacted law enforcement officers; they learned that L.L. was with Graham in Eastland County. When officers went to arrest Graham on the Atascosa County warrant, he resisted arrest, and he was taken into custody. The officers found L.L. in Graham's home. They arranged for Amme's mother to pick up L.L., and Amme then picked up L.L. from her mother's home.

### C. Criminal Case

In August 2019, Graham was indicted in Atascosa County for interference with child custody. *See* TEX. PENAL CODE ANN. § 25.03(a)(1). He was arraigned in September 2020, and

the trial court appointed Adrian Perez as trial counsel for him. Ten days before trial, the trial court heard Perez's motion to withdraw, but the motion was denied.

Graham's case was tried to a jury, which convicted him of interference with child custody. Graham and the State agreed to a sentence of two-years' confinement. Because he was given credit for his 778 days of pretrial incarceration, his two-year sentence was fulfilled, and he was released.

Graham appeals.

### MOTION TO WITHDRAW DENIED

In his first issue, Graham contends the trial court abused its discretion by denying Perez's motion to withdraw.

### A. Parties' Arguments

Graham begins by noting that Perez twice moved to withdraw based on "a conflict of personalities." He alleges Perez "would not allow him to assist in preparation of trial, . . . would not communicate with him regarding strategy," and divulged attorney-client communications to the court. He adds that Perez prejudiced his case because Perez stated to the court that (1) Graham "had no defense to the[] charges," (2) Perez "believed [Graham] to be guilty of the offense," and (3) Graham "was willfully failing to cooperate in his defense." Graham insists that these facts show the trial court abused its discretion in denying Perez's motion to withdraw.

The State responds that the trial court acted within its discretion because the hearing on Perez's motion to withdraw was held less than two weeks before trial was due to start, Perez had diligently prepared for trial, and Graham and Perez resolved their differences before the case was tried.

**B. Applicable Law**

"A criminal defendant has a right to the assistance of counsel in state court, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution." *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002); *see* U.S. CONST. amends. VI, XIV; *Gideon v. Wainwright*, 372 U.S. 335, 339–40 (1963).

However, "[t]he trial court has discretion to determine whether counsel should be allowed to withdraw from a case." *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). When counsel moves to withdraw, "personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *Id.* (citing *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)). Further, the trial court may also consider whether granting the motion would "obstruct the judicial process or interfere with the administration of justice." *Id.*; *accord Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003).

**C. Standard of Review**

"We review a trial court's decision on an attorney's motion to withdraw for an abuse of discretion." *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *King*, 29 S.W.3d at 566). "We will uphold the ruling if it is within the zone of reasonable disagreement or if the trial court acted in accordance with applicable guiding legal principles." *Williams v. State*, 154 S.W.3d 800, 802 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *accord Johnson*, 352 S.W.3d at 227.

**D. Additional Background**

In February 2021, Perez moved for a competency examination for Graham and moved to withdraw. The trial court did not hear the motion to withdraw, but it ordered Graham to undergo a competency examination. Subsequently, Perez again moved to withdraw.

At a pretrial hearing on June 4, 2021, the trial court heard, inter alia, counsel's motion to withdraw.

Perez stated he could not represent Graham because Graham's desired defense strategy was frivolous, unethical, and had no basis in law, but when the court asked Graham if he wanted to confer with Perez, Graham agreed, and the two spoke privately. After their meeting, Perez reported that he and Graham had a constructive, productive conversation: They had "patched up [their] relationship," they discussed trial strategies, including a plea bargain, and Graham requested some time to consider his options. Perez added that, if the case went to trial, he wanted Graham to assist him during trial.

State's counsel testified that Perez "has been in contact with me numerous times asking for evidence, discussing agreements and whatnot that would occur should a trial ensue and has consulted with me asking questions about the evidence on numerous occasions." The State's counsel added that "in my opinion [Perez] has put in a substantial amount of work in this case from our conferences."

## E.    Discussion

As Graham recognizes, it was within the trial court's discretion to deny Perez's motion to withdraw. *See King*, 29 S.W.3d at 566. When Perez moved to withdraw, he did so based on "personality conflicts and disagreements concerning trial strategy," but those grounds "are typically not valid grounds for withdrawal." *Id.* (citing *Solis*, 792 S.W.2d at 100).

At the beginning of the pretrial hearing, Perez criticized Graham's proposed defenses as having no basis in law and complained that Graham would not assist him or communicate with him regarding trial strategy. But despite Graham's unwillingness, and as the State confirmed, Perez continued to prepare defenses and develop trial strategy options for Graham. After Graham

and Perez spoke privately during a recess, Perez reported they had "patched up our relationship" and discussed trial strategies including a possible plea agreement.

Given that (1) Graham and Perez had essentially resolved their personality conflicts and disagreements concerning trial strategy; (2) the jury, not the court, would decide guilt or innocence; and (3) the motion was denied only ten days before trial, we conclude that the trial court did not abuse its discretion by denying Perez's motion to withdraw. *See Johnson*, 352 S.W.3d at 227; *Williams*, 154 S.W.3d at 802.

We overrule Graham's first issue.

### EVIDENCE OF EXTRANEOUS OFFENSES

In his second issue, Graham argues his conviction should be reversed because the jury was allowed to hear, over objection, evidence of his extraneous offenses.

### A. Parties' Arguments

Graham argues that the State, over his timely objections, repeatedly introduced evidence of Graham's extraneous bad acts: specifically, resisting arrest and violating child support orders. Graham insists that the State's use of extraneous offenses to show Graham's mental state was not a recognized exception to Rule 404(b). He also argues that, even if the evidence was admissible under an exception, the jury was not instructed to limit their use of that evidence.

The State argues that evidence of Graham's resisting arrest was admissible to show he knew he had violated the child custody order, but even if it was inadmissible, Graham failed to show how he was harmed. The State also argues that Graham waived his complaint regarding a limiting instruction because he did not request one.

We begin by briefly reciting the applicable law and standard of review.

**B.    Applicable Law**

"A person commits an offense if the person takes or retains a child younger than 18 years of age . . . when the person knows that the person's taking or retention violates the express terms of a judgment or order . . . of a court disposing of the child's custody . . . ." TEX. PENAL CODE ANN. § 25.03(a)(1); *accord Hammack v. State*, 622 S.W.3d 910, 915 (Tex. Crim. App. 2021).

Whether the defendant knew he was violating the terms of a child custody order is an element of the offense. *Hammack*, 622 S.W.3d at 916 (recognizing "there is already a knowledge requirement [for violating a court order] listed in the statute").

Evidence of an extraneous offense "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b); *accord De La Paz v. State*, 279 S.W.3d 336, 342 (Tex. Crim. App. 2009). "Rule 404(b) is a rule of inclusion rather than exclusion." *De La Paz*, 279 S.W.3d at 343 (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). "The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive." *Id.*; *accord Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (op. on reh'g). "Rule 404(b) is simply a specific codification for a general balancing determination under Rule 403." *Montgomery*, 810 S.W.2d at 377. Under Rule 403, "[t]he approach . . . is to admit *all relevant evidence* unless the probative value is *substantially* outweighed by the danger of unfair prejudice to a defendant." *Montgomery*, 810 S.W.2d at 377.

The burden to prove unfair prejudice is on the opponent; "it is the opponent's burden to not only demonstrate the proffered evidence's negative attributes but to show also that these negative attributes '*substantially outweigh*' any probative value." *Id.* at 377 (quoting *Crank v. State*, 761 S.W.2d 328, 342 n.5 (Tex. Crim. App. 1988), *disapproved of on other grounds by Alford v. State*, 866 S.W.2d 619 (Tex. Crim. App. 1993)).

Finally, when considering an objection to evidence of an extraneous offense based on Rule 404(b), "[a] trial judge has broad discretion in admitting or excluding evidence." *See Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999); *accord Montgomery*, 810 S.W.2d at 380.

## C.      Standard of Review

"A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

"The test for abuse of discretion is . . . whether the court acted without reference to any guiding rules and principles . . . [or] whether the act was arbitrary or unreasonable." *Montgomery*, 810 S.W.2d at 380 (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"[A]n appellate court reviewing a trial court's ruling on the admission or exclusion of evidence must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled." *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)).

## D.      Resisting Arrest

Graham argues the trial court abused its discretion in admitting evidence of (1) his resisting arrest on the Atascosa County warrant for interference with child possession charge and (2) his failure to pay child support for specific months. We first address the evidence pertaining to Graham resisting arrest.

That evidence was addressed in a motion in limine—outside the presence of the jury. The State wanted the trial court to allow Deputy Light, the arresting officer, to testify that when he went to Graham's home to execute the Atascosa County arrest warrant, Graham resisted arrest.

Graham objected; he argued that it would be improper character evidence and inadmissible under Rule 404(b). The trial court agreed to allow the testimony.

Deputy Light testified that when he tried to arrest Graham at his home, Graham slapped his hand away twice, there was a scuffle, and Deputy Light suffered some scrapes and bruises on his arms.

## E. Evidence of Resisting Arrest Admissible

One element of the offense of interference with possession of a child is that the person allegedly interfering must know they are violating the terms of a child custody order. *See* TEX. PENAL CODE ANN. § 25.03(a)(1); *Hammack*, 622 S.W.3d at 916.

At trial, the State argued that the jury could infer from Graham's resisting arrest that he knew he was violating the court's order. *See* TEX. R. EVID. 404 (allowing evidence of an extraneous offense for other purposes including intent, knowledge, and absence of mistake); *De La Paz*, 279 S.W.3d at 343. It was Graham's burden to show that any unfair prejudice from the evidence of his resisting arrest substantially outweighed any probative value. *See Montgomery*, 810 S.W.2d at 377. Then, it was within the trial court's broad discretion to admit or exclude that evidence. *See Mozon*, 991 S.W.2d at 846; *Montgomery*, 810 S.W.2d at 380.

Having reviewed the record "in light of the arguments, information, and evidence that was available to the trial court at the time it ruled," *see Dragoo*, 96 S.W.3d at 313, and recognizing the trial court's broad discretion, we conclude the ruling was within the zone of reasonable disagreement. *See Tillman*, 354 S.W.3d at 435; *Mozon*, 991 S.W.2d at 846; *Montgomery*, 810 S.W.2d at 380.

## F. No Substantial Rights Affected

Even if we assume that the trial court erred in admitting the evidence of Graham resisting arrest, Graham failed to show how his substantial rights were affected. *See* TEX. R. APP. P. 44.2(b);

*Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (reiterating that "substantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect'" (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001))).

Graham admitted two elements of the charged offense: he took L.L. and L.L. was under eighteen years old. *See* TEX. PENAL CODE ANN. § 25.03(a)(1). The only element he challenged was whether he knew he was violating a child possession order. *See id.*; *Hammack*, 622 S.W.3d at 916 (recognizing "there is already a knowledge requirement [for violating a court order] listed in the statute").

The State, in its opening statement, did not mention the scuffle or Deputy Light's injuries, nor did it mention the scuffle in its closing argument. During Deputy Light's testimony, the State elicited his account of Graham's reaction to being placed under arrest. But of the approximately 240 pages of trial transcript from opening statements to closing arguments, only about five pages contained Deputy Light's description of Graham's arrest, and the State did not later focus on, or spend additional time highlighting, Graham's actions when he was arrested.

In presenting its case, the State showed that, under the possession order, Graham was granted possession of L.L. on the first, third, and fifth weekends of each month, beginning at 6:00 p.m. on Friday. But Graham picked up L.L. on April 26, 2019, the fourth Friday of the month. The State showed that Graham arranged to meet L.L. at 3:30 a.m. down the road from Amme's house, and Graham asked L.L. if his parents would hear him leaving the house. Amme's testimony and Graham's text messages showed that Graham did not ask Amme for permission to take L.L.

The properly admitted evidence was more than enough for the jury to have found that Graham knew he was violating the court's order by picking up L.L. and taking him away from

Amme during a time when Graham knew he had no right of possession. *See* TEX. PENAL CODE ANN. § 25.03(a); *Hammack*, 622 S.W.3d at 916.

Thus, we conclude that the trial court's error, if any, in admitting the evidence of Graham's resisting arrest "did not influence the jury . . . or had but a slight effect." *See Motilla*, 78 S.W.3d at 355 (quoting *Solomon*, 49 S.W.3d at 365).

## G. Violating Child Support Order

Graham also argues the trial court abused its discretion by admitting evidence that Graham violated child support orders by not paying child support in full for thirteen months.

The Atascosa County indictment accused Graham of taking L.L. in violation of the terms of the March 16, 2017 "Order in Suit to Modify Parent-Child Relationship and for Enforcement of Child Support Order," and the State moved to admit the order as its Exhibit 3.

To preserve his complaint for appellate review, Graham was required to timely object, but when the State moved to admit the order, Perez stated "No objections, Your Honor." *Contra* TEX. R. APP. P. 33.1(a) (requiring a timely objection and a ruling); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence.").

Because Graham failed to preserve his claim of error regarding the admissibility of the child support order, we do not reach his complaint. *See* TEX. R. APP. P. 33.1(a); *Saldano*, 70 S.W.3d at 889–90.

## H. Second Issue Overruled

Graham preserved his complaint that the trial court abused its discretion in admitting evidence regarding his resisting arrest, but the ruling was within the zone of reasonable disagreement, and the trial court did not abuse its discretion. *See Tillman*, 354 S.W.3d at 435; *Montgomery*, 810 S.W.2d at 380.

Further, even if the resisting arrest evidence should not have been admitted, Graham has not shown his substantial rights were affected. *See Motilla*, 78 S.W.3d at 355.

Finally, Graham failed to object to the admission of the March 16, 2017 order, and we do not reach his complaint about it. *See* TEX. R. APP. P. 33.1(a); *Saldano*, 70 S.W.3d at 889–90.

We overrule Graham's second issue.

### VOID JUDGMENT, BAIL DENIED

In his third issue, Graham raises two points. First, he argues the trial court's judgment is void because Graham was held in pretrial incarceration for 778 days, which was 48 days longer than the maximum allowable sentence of two years. Second, he argues the trial court abused its discretion by setting bail conditions that the trial court knew that Graham could not meet.

We begin with the allegedly void judgment.

### A.      Judgment Exceeds Maximum

In his first point, Graham argues the judgment is void because the number of days he was incarcerated before trial exceeded the maximum sentence allowable under the statute. *See* TEX. PENAL CODE ANN. § 25.03(d) (making the offense a state jail felony); *id.* § 12.35 (limiting confinement for a state jail felony to "not more than two years").

The State argues that Graham failed to preserve his complaint for his void judgment argument.

"A sentence not authorized by law is void [and a] defect which renders a sentence void may be raised at any time." *Fullbright v. State*, 818 S.W.2d 808, 809 (Tex. Crim. App. 1991) (citations omitted). But Graham's judgment was not void. His void judgment argument conflates two issues: sentencing and pretrial detention. *See McGregor v. State*, 145 S.W.3d 820, 822 (Tex. App.—Dallas 2004, no pet.).

First, the trial court sentenced Graham to two-years' confinement, which sentence did not exceed the statutory maximum. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 25.03(d). Graham fails to show how his sentence was not authorized by law. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is *outside* the maximum or minimum range of punishment is unauthorized by law and therefore illegal." (emphasis added)); *cf. Fullbright*, 818 S.W.2d at 809.

Second, Graham's pretrial detention exceeded his sentence, but he was given credit for all his time served, as required by law. *See Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997); *McGregor*, 145 S.W.3d at 822.

Graham's argument that the judgment was void because it exceeded the statutory maximum necessarily fails.

## B. Bail Effectively Denied

In his second point, Graham argues that the trial court required Graham to pay for GPS monitoring, the trial court knew he could not afford it, and thus the trial court effectively denied him bail. The State responds that Graham's pretrial bail complaint is now moot.

"Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012)); *see Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (noting that the defendant's complaint in his pretrial habeas corpus application had been rendered moot by his conviction and concluding that "[t]here is no action this court can now make regarding the trial court's decision on the amount of bail that will cause any effect").

For example, "when a defendant challenges matters related to his pretrial confinement but is later convicted of the offense, the challenge to the confinement becomes moot." *Ex Parte*

*Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *2 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op.); *see also Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) ("Applicant has been convicted of the underlying offense and is no longer subject to pre-trial confinement. Therefore, applicant's petition is moot and we will not address the merits of his petition.").

Graham has been released from custody, and like the court in *Bennet*, we cannot now grant any relief regarding the trial court's pretrial bail conditions. *Cf. Bennet*, 818 S.W.2d at 200.

## C.     Third Issue Overruled

As we have explained, Graham's judgment is not void, and his complaint about pretrial bail conditions is moot. We overrule Graham's third issue.

### CONCLUSION

On this record, we conclude the trial court did not abuse its discretion by denying court-appointed trial counsel's motion to withdraw, especially since shortly before trial, Graham and his counsel agreed that counsel would represent Graham at trial.

Next, the trial court's ruling admitting evidence regarding Graham's resisting arrest was within the zone of reasonable disagreement, and even if it was not, Graham did not show that any substantial right was affected.

Further, although Graham was incarcerated for 778 days before he was sentenced for an offense that limited confinement to no more than two years, that did not make the trial court's sentence void.

And finally, Graham's complaint about a pretrial bail condition is now moot.

Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish